**In re STONER.**

**No. 10087.**

District Court, M. D. Pennsylvania.

April 16, 1941.

See, also, D.C., 36 F.Supp. 130.

A. J. White Hutton and John Smarsh, both of Chambersburg, Pa., for petitioner.

Edmund C. Wingerd, of Chambersburg, Pa., for opposing creditor.

[1] The subject matter of the suit in this court between the same parties, 38 F. Supp. 144, in which an opinion was this day filed.

JOHNSON, District Judge.

This is a petition to review the report of the conciliation commissioner recommending dismissal of the above farmer-debtor proceedings for a composition and extension, because the farmer has not shown he is in economic distress and in need of the protection of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and because the petition was not filed in good faith, but with the intent to hinder and defraud creditors.

The petition states two grounds for review:

First, that the conciliation commissioner was without jurisdiction to make the recommendation of dismissal; and

Secondly, that the report, findings of fact and conclusions of law are contrary to the evidence and contrary to law.

In contesting the jurisdiction of the conciliation commissioner to make a report recommending a dismissal of the proceedings, the debtor alleges, that, having presented a proposal to his creditors which they failed to accept, he had an absolute right to file an amended petition asking the benefits of subsection s of Section 75. To support this position several recent decisions of the United States Supreme Court are cited: John Hancock Mutual Life Insurance Company v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222; Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Wright v. Union Central Life Insurance Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Wright v. Union Central Life Insurance Co., December 9, 1940, 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. ——.

These decisions do not support the debtor's contention. The question whether a farmer-debtor's petition can be dismissed because the farmer is not in economic distress and because he started the proceedings in bad faith and with intent to hinder and defraud creditors, was not raised in any of the Wright cases or in the Borchard case.

The Bartels case, principally relied upon by the debtor, holds only that the absence of a reasonable probability of financial rehabilitation of the debtor does not warrant the imputation of lack of good faith in starting proceedings under section 75. It does not hold that a court of bankruptcy cannot dismiss a petition because filed in bad faith.

It is fundamental that farmer-debtors seeking the aid and protection of a court of bankruptcy, must seek that aid in good faith, and it is fundamental that a court of bankruptcy can examine the facts and can refuse to entertain such a petition where it is filed in bad faith.

A careful study of the record shows facts sufficient to support the commissioner's findings and recommendations.

It is therefore ordered that the petition for review be denied, that the commissioner's recommendations be approved and confirmed, and the above proceedings are hereby dismissed.